NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEITH SONDERLING, Acting United States Secretary of Labor, | No. 25-4257 |
| Plaintiff - Appellee, | D.C. No. 2:21-cv-00984-JAD-EJY |
| v. | |
| NICOLE BROWN, | MEMORANDUM* |
| Defendant - Appellant, | |
| and | |
| NAB, LLC, ASIA TRINH, | |
| Defendants. | |

| | |
|---|---|
| KEITH SONDERLING, Acting United States Secretary of Labor, | No. 25-4258 |
| Plaintiff - Appellee, | D.C. No. 2:21-cv-00984-JAD-EJY |
| v. | |
| ASIA TRINH, | |
| Defendant - Appellant, | |
| and | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

NAB, LLC, NICOLE BROWN,

      Defendants.

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted July 15, 2026[**]

Before: BERZON, NGUYEN, and OWENS, Circuit Judges.

Defendants Nicole Brown and Asia Trinh, respectively the manager and owner of defendant nail salon NAB, LCC ("NAB"), appeal pro se from a series of district court orders granting partial summary judgment, damages, and injunctive relief to the United States Secretary of Labor ("Secretary") for violations of the Fair Labor Standards Act's minimum wage, overtime, recordkeeping, and anti-retaliation provisions. Defendants also appeal the district court's imposition of spoliation and discovery sanctions, its exclusion of exhibits from the summary judgment record, and its striking of documents, among other rulings. We affirm.

     1.    We review the imposition of discovery sanctions for abuse of discretion "even when the rulings determine the outcome of a motion for summary judgment." *Clare v. Clare*, 982 F.3d 1199, 1201 (9th Cir. 2020) (quoting *Domingo*

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*ex rel. Domingo v. T.K.*, 289 F.3d 600, 605 (9th Cir. 2002)). "[W]e do not disturb the district court's choice of sanction unless we have a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006) (citation modified). We review the factual findings underlying a sanctions order for clear error. *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995).

(a) The district court permissibly imposed Rule 37(e) spoilation sanctions for Defendants' deletion of electronically stored information ("ESI"). The Secretary's cease-and-desist letter and accompanying subpoena put Defendants on notice of their obligation to preserve records and evidence. *See United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002). Defendants did not take reasonable steps to do so. *See* Fed. R. Civ. P. 37(e). The district court did not clearly err in determining that the deleted text messages and surveillance footage could not be replaced, nor in finding that the ESI's deletion prejudiced the Secretary. Video surveillance footage was the only reliable evidence establishing employees' hours, and Trinh's text messages would have assisted the Secretary in establishing Trinh's control and employees' schedules. The sanctions precluding Defendants from disputing the Secretary's reconstruction of workers' hours and

the authenticity of texts received from Trinh by nonparties were "no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1).

(b) The district court did not abuse its discretion by imposing sanctions under Rule 37(b)(2) for Defendants' failure to obey the court's September 2022 discovery order. Under that order, Defendants were required to, but did not, produce records of communications with workers, hiring and firing, scheduling, payroll, banking, and technicians' contact information, among other critical documentation. Much of the information Defendants did produce was not in its native format and thus was unverifiable. Given Defendants' vexatious conduct throughout discovery, the district court appropriately prohibited Defendants from "relying on any evidence not produced in its native form with associated metadata." *See* Fed. R. Civ. P. 37(b)(2)(A)(ii) (authorizing the district court to "prohibit[] the disobedient party from . . . introducing designated matters in evidence").

(c) The district court also acted within its discretion in awarding attorneys' fees to the Secretary. "[T]he court *must* order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure [to comply with a discovery order], unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C)

(emphasis added). Defendants did not substantially justify their behavior, nor was the award unjust. *See Liew v. Breen*, 640 F.2d 1046, 1050 (9th Cir. 1981).

2.      We review the district court's exclusion of evidence at summary judgment for abuse of discretion. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). We will affirm the district court "unless its evidentiary ruling was manifestly erroneous *and* prejudicial." *Id.*

(a) Brown challenges the exclusion of more than 2,500 pages of unauthenticated exhibits. "We have repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment." *Id.*; *see* Fed. R. Civ. P. 56(e).

(b) Defendants also challenge several orders striking documents not filed in compliance with local rules. In each of those orders, the district court gave Defendants leave to refile, so defendants were not prejudiced. *Orr*, 285 F.3d at 773.[1]

3.      We review de novo the district court's grant of summary judgment. *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1041 (9th Cir. 2017). "Summary judgment is appropriate only when 'there is no genuine issue as to any

---

[1] We deny Defendants' motion to supplement the record with documents stricken by the district court. Dkt. No. 27.

material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)).[2]

(a) The district court correctly concluded that NAB's nail technicians were employees within the meaning of the FLSA. *See Donovan v. Sureway Cleaners*, 656 F.2d 1368, 1370 (9th Cir. 1981) (setting forth employee classification factors). The undisputed record shows that Brown and Trinh exerted near-complete control over the technicians' work. They did so by setting operating hours and assigning technicians to shifts, during which technicians could not leave without Brown's permission; withholding clients from technicians who arrived late or took too much time off; mandating attendance at trainings; and surveilling technicians both in-person and via video cameras. The undisputed record also shows that NAB provided most of technicians' supplies, equipment for specialty services, and salon space. Further, NAB controlled customers and commissions. The company assigned appointments to technicians, set prices for services, deducted commissions earned from customers who lodged complaints, and fired technicians who received too many complaints.

---

[2] Defendants do not appear to contest on appeal the district court's determinations that they violated the FLSA's minimum wage, overtime, recordkeeping, and anti-retaliation provisions. To the extent they do, we agree with the district court that the Secretary is entitled to summary judgment on those claims.

Also, as the district court found, the technicians' services were "the mainstay of the salon's existence." Many worked consistently rather than sporadically. Until the Secretary's investigation, technicians were hired for an indefinite duration and often worked at NAB for more than a year. After the investigation began, Brown required technicians to sign agreements with non-compete and non-solicitation clauses, evincing Defendants' preference to be technicians' exclusive employer.

In sum, the summary judgment record overwhelmingly supports the conclusion that the NAB technicians are employees. *See Sureway Cleaners*, 656 F.2d at 1370.

(b) The district court also correctly concluded that Brown and Trinh are employers. "Where an individual exercises 'control over the nature and structure of the employment relationship,' or 'economic control' over the relationship, that individual is an employer within the meaning of the Act, and is subject to liability." *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009) (quoting *Lambert v. Ackerley*, 180 F.3d 997, 1012 (9th Cir. 1999)). Brown and Trinh had a significant ownership interest in, and exerted substantial operational control over, the salon; hired and fired employees; set wages; and maintained employment records. *See Boucher*, 572 F.3d at 1093.

(c) The FLSA's wage and hour provisions apply to businesses engaged in interstate commerce with annual sales "not less than $500,000." 29 U.S.C. §

203(s)(1)(A)(i)–(ii). The record demonstrates NAB met that threshold in 2018, 2019, and 2021.

(d) Finally, the district court properly found Defendants' FLSA violations "willful," warranting an extended three-year statute of limitations. 29 U.S.C. § 255(a). Brown and Trinh's efforts to coach technicians on how respond to Department of Labor ("DOL") investigators, backdate independent contractor agreements, and otherwise mislead the DOL were "attempts to evade compliance" evincing willful violations. *Alvarez v. IBP, Inc.*, 339 D.3d 849, 909 (9th Cir. 2003).

4.     We review a district court's award of damages for abuse of discretion. *Pyankovska v. Abid*, 65 F.4th 1067, 1078 (9th Cir. 2023). The district court did not abuse its discretion in relying on the Secretary's calculation for back wages, given Defendants' spoilation of key records, failure to respond to the Secretary's requests for admission, and lack of authenticated documentation supporting a different calculation.

To the extent Brown and Trinh challenge the award of liquidated damages, they did not show, and the record does not support, that they acted in good faith. *Scalia v. Emp. Sols. Staffing Grp., LLC*, 951 F.3d 1097, 1102-03 (9th Cir. 2020) (employer cannot act in good faith while willfully violating the FLSA), *cert. denied*, 141 S. Ct. 1376 (Feb. 22, 2021).

We review a district court's grant of an injunction, as well as the scope of the injunction, for abuse of discretion. *Internet Specialties W., Inc. v. Milon-DiGiorgio Enters., Inc.*, 559 F.3d 985, 993 (9th Cir. 2009). Given Brown and Trinh's record of willful FLSA violations and attempts to evade the Secretary's investigation, the district court acted within its discretion in permanently enjoining them from violating the FLSA. *Brock v. Big Bear Mkt.*, 825 F.2d 1381, 1383 (9th Cir. 1987).

5.     We have reviewed Defendants' other arguments on appeal, including but not limited to their unsupported assertion that the Secretary's enforcement action was retaliatory and their challenge to the district court's denial of the motion for reconsideration. To the extent some of these arguments were not raised below, we will not consider them for the first time on appeal. *See Momox-Caselis v. Donohue*, 987 F.3d 835, 841 (9th Cir. 2021). We otherwise conclude that these arguments are meritless for the reasons given by the district court.

**AFFIRMED.**